OPINION
On April 4, 1996, the Ashland County Grand Jury indicted appellant, Anthony S. Davis, on one count of breaking and entering in violation of R.C. 2911.13(A), one count of grand theft in violation of R.C. 2913.02(A)(1), one count of attempted breaking and entering in violation of R.C. 2911.13(A) and R.C. 2923.02(A) and one count of possessing criminal tools in violation of R.C.2923.24(A). Appellant pled not guilty and the trial court appointed Attorney Damian J. Vercillo to represent appellant.
On May 7, 1996, Attorney Vercillo filed a motion to withdraw per appellant's request. A hearing was held on May 10, 1996. By judgment entry filed June 7, 1996, the trial court granted said motion and permitted appellant to proceed pro se as was his desire. However, the trial court placed Attorney Vercillo on standby as legal advisor to assist appellant.
On July 3, 1996, appellant filed a motion to remove Attorney Vercillo as his advisor and to select another advisor. A hearing was held on July 9, 1996. By judgment entry filed August 18, 1996, the trial court denied appellant's request and ordered Attorney Vercillo to remain as standby legal advisor.
On August 14, 1996, appellee, the State of Ohio, filed a motion to terminate Attorney Vercillo's involvement in the case. A hearing was held on August 15, 1996. By judgment entry filed August 20, 1996, the trial court granted said motion and terminated Mr. Vercillo's involvement with the case.
A jury trial commenced on September 23, 1996. At the close of appellee's case-in-chief, appellant moved to dismiss the attempted breaking and entering charge pursuant to Crim.R. 29. The trial court granted said motion and dismissed the charge. The jury found appellant guilty on the remaining three charges. By judgment entry filed October 1, 1996, the trial court sentenced appellant to a total term of five years in prison.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT, BY OBTAINING A WAIVER OF COUNSEL FROM MR. DAVIS THAT WAS NEITHER KNOWING NOR INTELLIGENT, VIOLATED HIS RIGHTS TO COUNSEL AND DUE PROCESS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.
II
 THE TRIAL COURT COMMITTED PLAIN ERROR IN SENTENCING MR. DAVIS TO TWO-AND-A-HALF YEARS MORE THAN ALLOWED BY LAW, IN VIOLATION OF OHIO REV. CODE ANN. SEC. 1.58 (B) (ANDERSON 1990); SENATE BILL 2; ARTICLE 1, SEC. 16 AND ART. II, SEC. 15 OF THE OHIO CONSTITUTION; AND THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
 I
Appellant claims the trial court did not sufficiently inform him of the dangers and pitfalls of proceeding pro se pursuant toState v. Gibson (1976), 45 Ohio St.2d 366, and Faretta v.California (1975), 422 U.S. 806, 45 L.Ed.2d 562. Appellant also claims the trial court erred in dismissing his standby legal advisor. Appellant claims the trial court's promise of a standby legal advisor induced his waiver of counsel because he was led to believe he would have a legal advisor throughout the trial. We disagree with both these claims.
 THE WAIVER
In Gibson at syllabus, the Supreme Court of Ohio held as follows:
 1. The Sixth Amendment, as made applicable to the states by the Fourteenth Amendment, guarantees that a defendant in a state criminal trial has an independent constitutional right of self-representation and that he may proceed to defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so. Faretta v. California (1975), ___ U.S. ___, 42 L.Ed.2d 562.
 2. In order to establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right.
In Faretta at 581-582, the United States Supreme Court held:
 When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must `knowingly and intelligently' forgo those relinquished benefits. Johnson v. Zerbst, 304 U.S. ___, at 464-465, 82 L.Ed. 1461, 58 S.Ct. 1019, 146 ALR 357. Cf. Von Moltke v. Gillies, 332 U.S. 708, 723-724, 92 L.Ed. 309, 68 S.Ct. 316 (plurality opinion of Black, J.) Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that `he knows what he is doing and his choice is made with eyes open.' Adams v. United States ex rel. McCann, 317 U.S. ___, at 279, 87 L.Ed. 268, 63 S.Ct. 236, 143 ALR 435.
In Faretta, Justice Stewart emphasized the need to look at the waiver and the defendant in determining if a waiver of counsel is voluntary i.e, whether defendant is literate, competent and understanding. As Justice Celebrezze stated in Gibson at 378, although "in retrospection we may question the wisdom of such a decision" (to proceed pro se), the nature of our review is limited to the trial court's dialogue with the defendant of his rights to be represented and the pitfalls of proceeding pro se as well as the defendant's criminal justice experience.
Appellant argues the trial court did not sufficiently explain the rules of evidence issue. Appellant argues the trial court la Gibson should have given specific examples of what happens if an objection to evidence is sustained.[1] The trial court subjudice did not cite specific examples:
 THE COURT: Do you understand, Mr. Davis, you're entitled to be represented by counsel?
THE DEFENDANT: Yes, sir.
THE COURT: Do you understand that?
THE DEFENDANT: Yes, sir.
 THE COURT: And you're telling the court today that you want to in effect represent yourself?
THE DEFENDANT: That is correct, sir.
 THE COURT: And you want to do that at both motion hearings which are set now for Monday morning next?
THE DEFENDANT: That's correct.
 THE COURT: You understand that you may not know all of the Rules of Evidence in the State of Ohio?
THE DEFENDANT: That is correct.
 THE COURT: And you realize that you will be bound by those Rules of Evidence just as the prosecution will be bound by those rules?
THE DEFENDANT: Yes, sir.
 THE COURT: Knowing that you are entitled to be represented by counsel, is it still your desire to represent yourself?
THE DEFENDANT: It is, sir.
 THE COURT: And you are saying to this court that you do not wish to have counsel appointed to represent you, although I've indicated to you — and that is the ruling of this court — that Mr. Vercillo will be available in the event you need to discuss matters with him during the trial of this case?
THE DEFENDANT: That is correct.
 THE COURT: All right. And you are satisfied with that?
THE DEFENDANT: Yes.
May 10, 1996 T. at 14-15.
The transcript from appellant's February 13, 1996 initial appearance establishes appellant was in prison in 1994 and 1995 (T. at 8), and the extent of his prior involvement with the criminal justice system:
 MR. WILL: Yes, Your honor. The Defendant is a Columbus resident. He has a lengthy criminal record, including the following prior convictions: Grand theft in 1975. Another grand theft conviction in 1976. An aggravated robbery conviction in 1977. Attempted breaking and entering and attempted possession of criminal tools conviction, 1983. A theft conviction in 1985. Forgery conviction in 1985. And a breaking and entering conviction in 1987. That's what the criminal history that we've run shows.
T. at 11.
Appellant's numerous filings with the trial court establishes he was literate, competent and understanding.[2]
We do not find the trial court's dialogue with appellant cited supra to be inadequate as appellant suggests. On its face, it fulfills the provisions of Faretta and Gibson.
 THE PROMISE
It is undisputed standby advisory counsel is not mandated by statute or case law. Although the Gibson and Faretta trial courts permitted standby legal advisors, neither ruling implied the necessity for such an arrangement. At the August 15, 1996 motion hearing, appellee requested the termination of Attorney Vercillo's "hybrid representation." T. at 5. The prosecutor specifically argued:
 It will be my desire and my motion to the court that we either do one or the other here. If Mr. Davis wants counsel, then let's go with counsel. If Mr. Davis wants to represent himself, then let's get on with it, have Mr. Davis represent himself, and we'll proceed from there.
 So it's my request this morning to the court that Mr. Vercillo as of right now be ordered to leave. If the situation arises during trial, and I have read some cases that indicate that, that if a problem arises during trial, the court may want the option at trial — and in fact I believe that's what your entry actually said when you last heard it, that Mr. Vercillo was to be available throughout trial of this matter.
THE COURT: Right.
 MS. FRANCESCONE-ROGERS: That may be one thing, but I just don't see any legal basis for him to proceed as a legal advisor.
T. at 5-6.
In response, appellant argued the issue was "res judicata" because appellant had tried to remove his standby legal advisor on July 3, 1996. T. at 6. By judgment entry filed August 20, 1996, the trial court terminated Attorney Vercillo's role as standby legal advisor. T. at 7.
The question posed by appellant's arguments is whether appellant's decision to waive counsel was based upon his belief that he was going to have a standby legal advisor. If yes, then did the trial court's removal of Attorney Vercillo prior to trial negate the voluntariness of appellant's waiver of counsel?
During the May 10, 1996 hearing on appellant's motion to withdraw Attorney Vercillo, it was the trial court who suggested placing Attorney Vercillo on standby after appellant expressed his desire to proceed pro se. T. at 12-13. Appellant's only concern about Attorney Vercillo as standby legal advisor was how to get a hold of him. T. at 13. Appellant was more concerned about access to the law library. T. at 12-13. The trial court's inquiry of appellant's understanding of his rights cited supra followed this discussion. T. at 14-15.
Although appellant now argues his decision to proceed pro se
was based upon the assurance of a standby legal advisor, the facts are appositive to this argument. Appellant had requested to proceed pro se prior to any suggestion of a standby legal advisor, and said request was simultaneous with his request to dismiss Attorney Vercillo as his attorney. We find even though standby counsel was dismissed prior to trial, the dismissal did not render appellant's waiver of counsel involuntary.
Assignment of Error I is denied.
 II
Appellant claims the trial court erred in sentencing him to more than allowed by law. Upon review, we grant this assignment of error under the authority of State v. Rush (July 7, 1997), Stark App. No. 96CA419, unreported.
The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed in part and reversed in part.
By Farmer, P.J. Reader, J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Ashland County, Ohio is affirmed in part, reversed in part and remanded to said court for resentencing consistent with this opinion.
[1] The Gibson trial specifically explained the problem of not presenting evidence correctly.
[2] Appellant filed fifty-two motions and responsive pleadings including a request for jury instructions prior to trial.